UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| SHARON A. & EDWARD L., ) | Case No. 05-55279-293 |
| VEHLEWALD, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |
| MBNA AMERICA, N.A., ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -v- ) | Adv. No. 06-4026-293 |
| ) | |
| SHARON A. VEHLEWALD, ) | |
| ) | |
| ) | |
| Defendant. ) | |

O R D E R

MBNA America ("MBNA") filed this adversary complaint against Debtor, Sharon A. Vehlewald ("Debtor") contending that Debtor's obligation to it was excepted from discharge under 11 U.S.C. § 523(a)(2). Debtor filed an answer denying the factual allegations underlying MBNA's claim.

The Court set MBNA's complaint for trial on March 20, 2006 in a scheduling order dated January 20, 2006 (the "Scheduling Order"). The Scheduling Order also

required each party to submit various documents prior to trial, including a trial brief outlining each parties' theory of the case. The docket sheet reflects that each party received the Scheduling Order.

Debtor fully complied with the requirements of Scheduling Order, including filing a trial brief. Debtor also requested in her trial brief that the Court grant judgment in her favor in the amount of her attorney's fees and costs because MBNA's position in initiating the adversary complaint was not substantially justified under 11 U.S.C. § 523(d). Debtor and her attorney both appeared for trial on March 20, 2006.

Neither MBNA nor its attorney appeared at trial. MBNA also failed to file any of the documents required in the Scheduling Order or a motion to continue the trial setting. Rather, MBNA's attorney, Ronald Weiss, notified the Court's Courtroom Deputy that he intended to file a motion to voluntarily dismiss the complaint.

At the March 20, 2006 hearing, the Court dismissed MBNA's adversary complaint for failure to prosecute its claim under Fed. R. Civ. P. 41(b), made applicable to this adversary complaint by Bankr. R. 7041. The Court also stated on the record that it did not find that MBNA's position in filing the suit was substantially justified under § 523(d). The Court, therefore, announced that it was granting Debtor's request for her attorney's fees and costs and allowed Debtor to present evidence to establish these amounts.

Debtor established that she incurred reasonable attorney's fees in the amount of $1,534.50. Debtor also testified that she had to miss a day of work in appearing at trial and suffered $149.90 in lost wages as a result. The Court will enter judgment in favor of Defendant for both of these amounts.

As an initial matter, the Court notes that Weiss did eventually file a motion to voluntarily dismiss the case under Rule 41(a)(2), with each party bearing its own attorney's fees. The Court inadvertently granted that motion in an order dated June 21, 2006 (the "Dismissal Order"). Given that the Court clearly stated on the record that it intended to enter judgment in favor of Debtor under § 523(d), the Dismissal Order is obviously inconsistent with the Court's intent. The Court, therefore, will vacate the Dismissal Order under Fed. R. Civ. P. 60(a). See United States v. Mosbrucker, 340 F.3d 664, 665 (8th Cir. 2003).

Concerning the substance of Debtor's claim for attorney's fees and costs, section 523(d) provides that:

> "If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust."

Because the statute provides that the prevailing debtor shall recover her

-3-

costs, the debtor is entitled to recover the wages she lost in defending the action as well as her attorney's fees.  See Mercantile Bank of Illinois v. Williamson (In re Williamson, 181 B.R. 403, 409 (Bankr. W.D. Mo. 1995).  Also, because the language of § 523(d) is mandatory, a creditor is on statutory notice that if it files an adversary proceeding against a consumer debtor under § 523(a)(2) without substantial justification, the court will award the debtor her costs and reasonable attorney's fees.  Id. at 408.

Section 523(d) requires that the debtor to initially establish that: (1) the creditor requested a determination that the debt in question was excepted from discharge under § 523(a)(2); (2) the debt in question was a consumer debt; and (3) the debt was in fact discharged.  Once the debtor establishes these three elements, the burden then shifts to the creditor to demonstrate that its position was substantially justified in initiating the adversary proceeding or that special circumstances are present that would make the award of attorney's fees and costs unjust.  FCC Nat'l Bank v. Dobbins (In re Dobbins), 151 B.R. 509, 511 (W.D. Mo. 1992); Boatmen's Bank v. Holmes (In re Holmes), 169 B.R. 186, 191-92 (Bankr. W.D. Mo. 1994).

Here, there is no question that the first three elements are present.  MBNA obviously requested a determination of whether Debtor's obligation to it was

-4-

excepted from discharge by initiating this adversary proceeding, and the debt was discharged when the Court dismissed MBNA's complaint.  Also, the debt in question is a consumer debt under 11 U.S.C. § 101(8) because it was a credit card debt incurred to purchase personal and household products.   Further, there is no suggestion that special circumstances are present that would make an award of attorney's fees and costs unjust.  The dispositive question in this case, therefore, is whether MBNA was substantially justified in bringing this adversary complaint.

Substantial justification is a more exacting standard that the non-frivolous standard for imposing sanctions under Bankr. R. 9011.  Beneficial of Missouri v. Shurbier (In re Shurbier), 134 B.R. 922, 928 (Bankr. W.D. Mo. 1991) (quoting Pierce v. Underwood, 487 U.S. 552 (1988)).  A creditor's claim is substantially justified if the claim has a reasonable basis in both law and fact.  First Deposit Nat'l Bank v. Cameron (In re Cameron), 219 B.R. 531, 540 (Bankr. W.D. Mo. 1998); Holmes, 169 B.R. at 191.  The creditor, therefore, must make a reasonable investigation of the facts and law supporting its claim before filing the adversary complaint.[1]  Cameron, 219 B.R. at 540; Williamson, 181 B.R. at 408. Thus, a creditor's position is not substantially justified if it simply files the adversary

---

[1] For example, the creditor can make a reasonable factual inquiry of its claim by examining the debtor at either the meeting of creditors or by way of an examination under Bankr. R. 2004.  See Cameron, 219 B.R. at 540.

complaint under § 523(a)(2) and then considers the merits of its position at a later point.  Williamson, 181 B.R. at 409.

Here, there is no evidence that MBNA undertook any investigation of the factual or legal basis of its claim that Debtor's obligation to it should be excepted from discharge under § 523(a)(2).  Rather, once Debtor filed an answer challenging the factual allegations contained in the complaint, MBNA ceased prosecuting the action.[2]  At no point before the Court dismissed its adversary complaint did MBNA attempt to establish any portion of its case under § 523(a)(2).

Given this record, the Court finds that MBNA simply filed its complaint alleging that Debtor's obligation to it was excepted from discharge under section 523(a)(2) without considering the merits of its claim.  Thus, the Court finds that MBNA did not have a reasonable basis in either law or fact in filing the complaint.  MBNA, therefore, was not substantially justified in filing this complaint under section 523(d).  Accordingly,

**IT IS HEREBY ORDERED that** MBNA's adversary complaint is **DISMISSED WITH PREJUDICE;** and

---

[2]  The Court notes that the attorney Weiss has a history of filing adversary complaints under § 523(a)(2) and then either taking a default judgment or dismissing the complaint if the debtor files an answer.

**IT IS HEREBY FURTHER ORDERED that** the Court's order granting MBNA's motion to voluntarily dismiss the adversary proceeding (Docket No. 16) is **VACATED;** and

**IT IS HEREBY FURTHER ORDERED that** judgment is entered against Plaintiff MBNA America, N.A. and in favor of Sharon A. Vehlewald in the amount of $1,684.40 pursuant to 11 U.S.C. § 523(d).

DATED: July 31, 2006
St. Louis, Missouri

David P. McDonald
United States Bankruptcy Judge

Copy mailed to:

Ronald S. Weiss
Berman, DeLeve, Kuchan & Chapman, LC
2230 Commerce Tower
911 Main St.
Kansas City, MO 64105

Sharon Ann Vehlewald
11266 St. Clement
St. Ann, MO 63074

Rachelle R. Scopel
Scopel and Associates
12320 Natural Bridge Rd.
Bridgeton, MO 63044